IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARVIN KEITH ANDERSON                                                  PLAINTIFF

VS.                                                  CIVIL ACTION NO. 4:17cv40-DMB-JMV

NANCY A. BERRYHILL,
Acting Commissioner of Social Security                                DEFENDANT

## **REPORT AND RECOMMENDATIONS**

Before the Court is Plaintiff's motion [15] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). By the motion Plaintiff seeks an award of $680.40 for his counsel's work performed before this Court. The Acting Commissioner indicated by way of her response [16] that she has no objection to Plaintiff's fee request. Nevertheless, for the reasons set out below, it is recommended that the motion be denied without prejudice as moot.

By Order [13] dated October 3, 2017, this case, filed pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security, was remanded upon the motion [10] of the Acting Commissioner for further proceedings. That remand Order specifically provided that the case was remanded pursuant to sentence six of section 205(g) of the Act, 42 U.S.C. § 405(g).

The EAJA provides for the award of court costs and attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. §

1

2412(d)(1)(A).  A prevailing party must file his application for fees within thirty days of entry of a final judgment.  *See* 28 U.S.C. § 2412(d)(1)(B).

The United States Supreme Court has stated that "remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, *or* conform with the requirements outlined by Congress in sentence six."  *Melkonyan v. Sullivan*, 501 U.S. 89, 101-102 (1991) (emphasis added).  The Court went further to say that "[c]onstruing remand orders in this manner harmonizes the remand provisions of § 405(g) with the EAJA requirement that a 'final judgment' be entered in the civil action in order to trigger the EAJA filing period."  *Id.* at 102 (citation omitted).  Ultimately, then, in a sentence six remand case, "the filing period [for EAJA fees] does not begin until *after* the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs."  *Id.* (emphasis added).

Here, the case was only recently remanded pursuant to sentence six; there is no indication that proceedings at the agency level are complete; and this Court has yet to enter a final judgment.  Furthermore, in his response [18] to a December 7, 2017 Order [17] that required Plaintiff to show cause why his motion for fees should not be denied as premature, Plaintiff indicated that "he hereby withdraws his request for attorney fees and will re-file them [sic] once the postremand proceedings are complete."  Accordingly, it is recommended that Plaintiff's motion for EAJA fees be denied without prejudice as moot.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.  Objections are required to be in writing and must be filed within fourteen

(14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 20th day of December, 2017.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE